### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                               :

         vs.                 :      CRIMINAL NO. 2013-08-01
                               :

JOSE TIRADO                   :

### DEFENDANT, JOSE TIRADO'S SENTENCING MEMORANDUM

To The Honorable Cynthia Rufe

     Jose Tirado, through his counsel, Thomas Pfender, Esquire submits the following facts and argument to assist the Court at sentencing:

### I. BACKGROUND AND PERSONAL HISTORY

     Jose Tirado was born on June 10, 1974 in New York City. He is one of four children born to a relationship between Jose Rafael Tirado and Migdalia Colon. His father died of a stroke in 2008 and his mother is currently living in Philadelphia. Jose's mother never worked and is presently being supported by Jose where she lives at 3419 Reach Street. Jose's father was an alcoholic and divorced his mother about 20 years ago. The relationship with his father was difficult and his father would physically abuse his wife and children. The defendant has three siblings, John, Hector and Victor Tirado. Victor was named as a co-defendant and has been sentenced for his role in the case. Jose's parents also adopted two children, Vanecia Johnson (age 21) and Joel because their mother died of complications from AIDS.

     Jose lived in New York until his family moved in 1988 to Puerto Rico. Jose stayed there through high school and decided to join the United States Army and served from 1993 through 2000. He had been stationed in various bases including Texas, Georgia, Korea and Germany. Once he got out of the military he moved to Philadelphia and got married to Jennifer Rivera in 1993. The couple produced two children, Justin Tirado (age 18) and Jose Tirado (age 20) but then subsequently divorced. He continues to support his children where Justin will begin his college career at Indiana University of Pennsylvania. His other son, Jose is a junior at

Muhlenberg College. Jose has been an exemplary father figure for both boys and is very close emotionally with both of them. He presently lives at 3522 Malta Street in Philadelphia along with his fiancée, Elvira Crus and his son, Justin and Elvira's niece, Aniyah. By way of further background, Elvira Crus' sister, Jessienie Rodriguez had her two children taken from her by the Commonwealth. The daughter is Aniyah Fuller, date of birth 1/21/2009 and Jose agreed to take her into his home to raise as his own as a result of the unfortunate event of her mother being declared unfit.

After Jose was honorably discharged from the Army, he became a Philadelphia Police officer who enjoyed a great reputation as a good officer and a compassionate individual. Jose was a police officer from 2002 through 2013 wherein he was terminated as a result of the current arrest. The arrest caused a major disruption in his life and the lives of his children and fiancée, Elvira Crus. Jose realized his continuing family obligations and that many depended upon him including his children, his fiancée and his mother. Although he had owned some properties in Philadelphia they were of little value and produced little rent. In June 2014, Jose started a remodeling business named T Brothers Industries. The defendant obtained a general contractor's license and is actively working on restoring two buildings in Philadelphia. As a result of this work, he has approximately 15 subcontractors working for him doing various repairs from roofing, windows, electric, plumbing and flooring. It would have been understandable for Jose to accept his situation and fall into financial despair, however, because his commitment to his family, he rose above the problem and made a successful business out of a horrible situation.

Jose works 10 to 12 hour days, 6 days a week. He has made a business through extreme hard work and a deliberate path to do right by his family. He has complied with all of the conditions of his pre-trial release and has caused no problems. He has no other arrest charges or violations of any type. He finds little time left for anything but his business and family.

Jose Tirado has no prior convictions or prior arrest. He does not use drugs but does cope with alcohol. The alcohol use appears to be hereditary in nature and he struggles with the pressure of this situation and the business he runs. Jose's ability to rise above his troubles speaks volumes of the man he was and continues to be. As you can see from some of the character letters attached as exhibits, it clearly demonstrates that he is compassionate and caring human being who does look to just his own needs but meets the needs of many others in his family

circle. Additionally, his business associates have stood by him and he now helps create economic opportunities for many in the community.

Although his family was gravely disappointed to hear of his criminal activity with the IRS, no one was more disappointed in the behavior then Jose himself. The ease upon which the crime was committed made it quite simple to repeat and Jose was misguided in his efforts in generating income but now takes full responsibility. As a result of his uncharacteristically poor decision making and recognizing his wrong doing, Jose entered a guilty plea to all 15 counts of the criminal complaint. Additionally, during the investigation many of his friends and relatives were contacted by authorities investigating the scheme. At no time did Jose interfere with the investigation or in any try to get anyone to cover up for the mistakes he has made. Jose has taken responsibility for the entire matter and has acknowledged that restitution need be made in the sum of $407,787.94. When the investigation was underway, his bank account was seized where the government recovered a substantial amount of the money, $243,567.00, which will be used to reduce his restitution. Although others received portions of the EIC, Jose will pay back all of the revenue and accepts complete responsibility for his actions. Jose realizes but his for his actions alone none of this would have happened. A recitation of the facts underlying the charges and the plea need not be restated here as the Court is well aware of the same.

Since the arrest and his humiliation of being fired from the police department, Jose looks forward to making his remodeling business a success. He has complied with all requirements of being in business including obtaining permits and insurance. The community is better off with him in it as a productive member of society. Furthermore, he has recognized his mistakes and he has made pre-sentence restitution payments in the sum of $43,500.00. He continues to support his own children, his fiancée, niece and his mother. He will continue to contract remodeling buildings with subcontractors and create jobs in the Philadelphia area. Finally, although the investigation report indicates a high monthly income from his business, that figure is the gross. Several subcontractors are paid from that amount monthly.

## II.  THE PRE-SENTENCE REPORT AND THE ADVISORY GUIDELINES

As the Court is well aware, considering the United States Supreme Court's decision in the consolidated cases of United States v. Booker and United States v. Fanfan, 125 S. Ct. 738 (2005) with regard to the application of the Federal Sentencing Guidelines, the guidelines are effectively

rendered <u>advisory</u> in nature and are now just <u>one factor</u> among several that the sentencing court should consider in imposing a sentence that is "…sufficient but not greater than necessary…" to achieve the purposes of sentencing as set forth in 18 U.S.C. Section 3553(a)(2).

As mentioned above, the Court is familiar with the extent of Jose Tirado's actions in creating this scheme to defraud the government and recitations of the same does not require repeating here.  It is noted that the government has agreed that Jose has clearly demonstrated recognitions and affirmative acceptance of personal responsibility for the charred offenses and he is entitled to a downward adjustment of two levels for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(a) and one level for his timely guilty plea pursuant to 3E1.1(b).  This places his total offense score to 15.

## ATTACHMENTS/EXHIBITS

    A.  Letters of Support and Character

    B.  Custody Award of Aniyah Fuller

    C.  Receipts of Pre-Conviction Restitution

## CONCLUSION

The Court faces the difficult task of determining a sentence which meets the test of 3553(a) which states: "the court shall impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing;

    (A)  to reflect the seriousness of the offense to promote respect for the law and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Jose's life is dramatically different no matter the sentence handed down by the Court.  Jose continues to meet the obligations imposed upon him by his family.  He has become a much better persons since he entered his guilty plea and accepted responsibility for his actions.  Although not

permissible as a reason for downward departure of the guideline, the Court should take into account the revenue recovered and the restitution payments made to put this matter behind him as best he can. Jose has taken complete financial responsibility to the fraud scheme and, fortunately, has placed himself in a position of being able to make restitutions in this matter.

The only concern Jose has is for his family. If he is incarcerated, he will most likely lose his business he built with such hard work and will not be able to care for or provide for his family. The restitution will be that much harder to make. His two sons are on great paths for success in this life as a result of his guidance and support and there is every reason to believe the little girl he has decided to provide a home for will also benefit from his compassion and generosity. Accordingly and respectfully, it is requested that the Court give these, and other above stated factors, great attention and weight when rendering sentence and impose a sentence that will allow Jose to continue with his employment, and allow him to continue to support his family.

Respectfully submitted,

/s/ *Thomas P. Pfender*

THOMAS P. PFENDER, ESQUIRE
Attorney I.D. #56038
3143 Knights Road
Bensalem, PA 19020
(215) 245-7190

Dated: 4/28/16